IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LEX'S PLUMBING, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SERVICE STAR, INC.,<br><br>    Defendant. | Case No. _____ |

## ORIGINAL COMPLAINT

Plaintiff Lex's Plumbing, LLC files this Original Complaint against Defendant Service Star, Inc., in support of which Plaintiff respectfully alleges the following:

### I.    THE PARTIES

1. Plaintiff Lex's Plumbing ("Lex's Plumbing") is a Texas limited liability company with its principal place of business at 7577 Lake Trails Drive, Frisco, TX 75036.  Lex's Plumbing is located in Denton County, which is within the Sherman Division of this judicial district.

2. Defendant Service Star, Inc. ("Service Star") is a Texas corporation with its principal place of business at 901 N. Jupiter Road, Plano, TX 75074.  Service Star is located in Collin County, which is within the Sherman Division of this judicial district.

### II.    JURISDICTION AND VENUE

3. This case involves claims for infringement of a common law trademark and/or service mark infringement, false designation of origin, and unfair competition.  This Court has jurisdiction over the subject matter of the claims stated herein pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§ 331, 1338(a), 1338(b), and 1367.

1

4.	This Court has specific personal jurisdiction over Service Star inasmuch as Service Star has a regular and established place of business in this judicial district, it is registered to do business in the State of Texas, and it has conducted business in the State of Texas, including in this judicial district, and Service Star has committed acts of infringement of Lex's Plumbing's trademarks and/or service marks within the State of Texas and this judicial district.  *See* Exhibit 1.

5.	Pursuant to 28 U.S.C. §1391, venue is proper in the Eastern District of Texas because Service Star resides in Texas and in this judicial district and a number of the acts or omissions giving rise to or related to the claims set forth herein occurred within the Eastern District of Texas.  Service Star solicits and conducts business related to the subject matter of this action within the Eastern District of Texas and is thus subject to personal jurisdiction within the Eastern District of Texas.  For example, Service Star advertises it is "one of the largest service providers in Texas" and regularly offers and provides its services to "homeowners across the DFW Metroplex."  *See* Exhibits 2 and 3.

### III.   FACTUAL BACKGROUND

6.	Lex's Plumbing is a well-known, locally owned and operated plumbing company based in Frisco, TX and is highly respected for the quality plumbing services it provides in the greater Dallas-Fort Worth (DFW) Metroplex and in Texas since at least 2008.  Lex's Plumbing offers a myriad of plumbing services, including: water heater maintenance, repair, and replacement; drain cleaning, inspection, repair, and replacement; leak detection and repair; sewer line cleaning, inspection, repair, and replacement; fixture repair and replacement for kitchen, bath, and outdoor faucets; garbage disposal repair and replacement; and toilet repair and replacement, in addition to many other standard and custom services.  Lex's Plumbing provides these services to residential, commercial, and industrial customers.

7. Lex's Plumbing has adopted, established common law rights in, continuously and exclusively used, and developed goodwill in and to the word marks "LEX'S" and "LEX'S PLUMBING" (collectively the "LEX'S Word Marks") in connection with the plumbing services it provides in the greater DFW Metroplex.  Lex's Plumbing's first use of the LEX'S Word Marks in commerce dates back at least as far as 2008.  *See* Exhibits 4 and 5.  Lex's Plumbing's continuous and exclusive use of the LEX's Word Marks undoubtedly has acquired distinctiveness and has become, and is, a source identifier of Lex's Plumbing's plumbing services it provides in the greater DFW Metroplex.

8. Lex's Plumbing also has adopted, established common law rights in, continuously and exclusively used, and developed goodwill in and to the LEX'S PLUMBING & Cartoon Man Design (the "LEX'S Logo, and collectively with the LEX'S Word Marks referred to as the "LEX'S Marks") in connection with the plumbing services it provides in the greater DFW Metroplex. Lex's Plumbing's first use of the LEX'S Logo in commerce dates back as least as far as January 2013.  The LEX'S Logo is reproduced below:



*See* Exhibits 4-5.

9. Lex's Plumbing's continuous and exclusive use of the LEX'S Logo undoubtedly has acquired distinctiveness and has become, and is, a source identifier of Lex's Plumbing's plumbing services it provides in the greater DFW Metroplex.

10. Service Star is a Texas corporation that "acquire[s] and grow[s] HVAC businesses." *See* Exhibits 2 and 3. Service Star "operates eight HVAC service companies in North Texas" and is "one of the largest service providers in Texas…." *Id.*

11. On information and belief, Lex Services, Inc., a Texas corporation formed on August 30, 2004, owned and operated a business providing air conditioning and heating services under the assumed name "Lex Air Conditioning and Heating." The assumed name "Lex Air Conditioning and Heating" was registered in Texas on September 14, 2013. *See* Exhibit 11.

12. On information and belief, K&S Heating and Air Corporation, a Texas corporation formed on January 9, 2008, owned and operated a business providing air conditioning and heating services under the assumed names "Lex Services" and "Lex Air Conditioning and Heating." The assumed names "Lex Services" and "Lex Air Conditioning and Heating" were registered in Texas on August 19, 2019. *See* Exhibit 12.

13. On information and belief, Lex Services, Inc. and K&S Heating and Air Corporation are related entities affiliated with Service Star. Lex Services, Inc.'s corporate information lists Cory Contreras as an officer. K&S Heating and Air Corporation's corporate information lists Jan Paul Kruger Jr. as an officer. Service Star's corporate information lists Cory Contreras and Jan Kruger as officers. Additionally, "K&S Heating and Air" and "Lex Air Conditioning" are registered to Service Star as assumed names. *See* Exhibits 6, 11, and 12.

14. Service Star acquired and owns and/or operates multiple businesses providing air conditioning and heating services. On information and belief, these businesses include Lex Services, Inc. and K&S Heating and Air Corporation.

15. On information and belief, Service Star began operating a business providing air conditioning and heating services under the assumed name "Lex Air Conditioning" in or around

July 13, 2020, when that assumed name was registered to Service Star.  *See* Exhibit 6.

16.     On information and belief, neither Service Star nor any of its predecessor entities provided plumbing services under any assumed name including the word Lex, or any trademark or service mark including the word Lex, prior to 2024.

17.     Service Star expanded the service offerings of Lex Air Conditioning to include plumbing and electrical services in the greater DFW Metroplex in or around July 2024, when it registered a new assumed name - "Lex - Air Conditioning, Heating, Plumbing, Electrical." *See* Exhibit 6.  Service Star also uses the marks "Lex Air Conditioning and Heating" and "Lex Air" on the [www.lexairconditioning.com](www.lexairconditioning.com) website to advertise its expanded plumbing and electrical services.  *See* Exhibits 6-9.

18.     As alleged above, since at least July 12, 2024, Service Star has regularly offered and provided its services across the greater DFW Metroplex in connection with the "Lex – Air Conditioning, Heating, Plumbing, Electrical" name and service mark.  Specifically, Service Star offers and allegedly provides "prompt, reliable plumbing service in Carrollton, TX and through the surrounding Dallas-Fort Worth metroplex," under the mark LEX (collectively with marks and assumed name variations including the word LEX, the "Service Star LEX Marks") which plumbing services are in direct competition with and in the same geographical area as the plumbing services provided by Lex's Plumbing under the LEX'S Marks.  *See* Exhibit 9.

19.     With full knowledge of Lex's Plumbing's trademark and service mark rights in the LEX'S Marks and without authorization, Service Star has adopted the Service Star LEX Marks and has used the same in commerce in connection with offering plumbing services.  The Service Star LEX Marks all include the word "LEX," which has an identical spelling and phonetic pronunciation as the "LEX" in the LEX'S Marks, which alone is likely to cause, and has caused

5

consumer confusion, that the plumbing services offered by Service Star under the Service Star LEX Mark are provided by Lex's Plumbing and/or are otherwise approved, associated, endorsed, or sponsored by Lex's Plumbing, when they are not.

20.     Service Star's Lex - Air Conditioning, Heating, Plumbing, Electrical assumed name and other variations on the Service Star LEX Marks also include the word "PLUMBING" after the word "LEX," which is virtually identical to the order in the LEX'S Marks.  Additionally, by including the additional services of "Air Conditioning" (or "Cooling), "Heating," and "Electrical" in conjunction with the "PLUMBING," Service Star has further exacerbated the likelihood of confusion by making it appear that Lex's Plumbing has expanded its product and/or service offerings, when it has not.

21.     By using the Service Star LEX Marks to provide plumbing services, Service Star has created a likelihood of confusion, in addition to actual confusion, in the marketplace between Lex's Plumbing and Service Star's plumbing services that is causing actual damage to Lex's Plumbing's business.

22.     Additionally, with full knowledge of Lex's Plumbing's trademark and service mark rights in the LEX'S Marks as noted above and without authorization, Service Star recently adopted a new stylized logo for the Lex - Air Conditioning, Heating, Plumbing, Electrical assumed name:



*See* Exhibits 2, 8, and 9.  This logo is referred to herein as the "New Service Star Logo" and is

6

included in the definition of the Service Star LEX Marks.

23. On information and belief, Service Star adopted the New Service Star Logo at or around the time it expanded its services to include plumbing services in July 2024.

24. Prior to adopting the New Service Star Logo, Service Star previously used a Star and Wave Design logo as shown below in connection with its air conditioning and heating services:



*See* Exhibit 13, a printout from the Internet Archive for the www.lexairconditioning.com website from September 2023. This logo is referred to herein as the "Old Service Star Logo."

25. The New Service Star Logo includes a cartoonish man, wearing a blue jacket, facing to the right, smiling, and holding a wrench. Similarly, the LEX'S Logo includes identical, or substantially similar features of a cartoonish man, wearing a blue shirt, facing to the right, smiling, and holding a wrench:



*See* Exhibits 4 and 5.

26. The similarities between the cartoonish men, wearing blue clothing, facing to the right, smiling, and holding a wrench are alone enough to be likely to cause consumer confusion,

7

and which has caused actual consumer confusion, that the plumbing services offered by Service Star under the Service Star LEX Marks are provided by Lex's Plumbing and/or are otherwise approved, associated, endorsed, or sponsored by Lex's Plumbing, when they are not.  The similarities between the New Service Star Logo and the LEX'S Logo are particularly striking considering that the New Service Star Logo is such a drastic departure from the Old Service Star Logo, indicating that Service Star knowingly selected the New Service Star Logo to trade on the goodwill of Lex's Plumbing and to create confusion in the marketplace to drive consumers to Service Star's business and away from Lex's Plumbing's business.

27. Furthermore, the New Service Star Logo prominently displays the first word "LEX" and followed by the word "PLUMBING," which is identical, or at least substantially similar to the first word "LEX'S" followed by the word "PLUMBING" in the LEX'S Logo which further exacerbates the likelihood of confusion between the plumbing services offered by Service Star under the New Service Star Logo and the plumbing services offered by Lex's Plumbing under the LEX'S Logo.

28. It is well established that for composite marks including both a design and wording, the wording is considered the dominant portion of the mark and accorded more weight in determining similarity between the marks, as this is how consumers generally refer to the services provided by our clients.  In this case, the first and primary word in both logos is LEX and LEX'S, which are effectively identical.  The common use of the same dominant word in the marks used for identical plumbing services indicates they are likely to have the same overall commercial impression for consumers.

29. The inclusion of additional descriptive wording, such as "Cooling," "Heating," and "Electric" in the New Service Star Logo is legally insufficient to differentiate it from the LEX'S

LOGO.

30. Further, by including the additional services of "Cooling," "Heating," and "Electric" in the New Service Star Logo, particularly when the cartoonish man appears to be an upgraded version over the "regular Joe" cartoonish man in the LEX'S LOGO, the likelihood of confusion is only further exacerbated by making it appear that Lex's Plumbing has upgraded to expand its product and/or service offerings, when it has not.

31. Service Star's actions constitute an infringement of Lex's Plumbing's common law trademark and service mark rights in the LEX'S Marks and false advertising under U.S. law, including 15 U.S.C. § 1125.

32. Service Star's willful and unauthorized use of the Service Star LEX Marks is likely to cause confusion, mistake, or deception among consumers regarding the affiliation, connection, or association between Lex's Plumbing's plumbing services and Service Star's plumbing services, thereby limiting the distinctive quality of LEX'S Marks and allowing Service Star to ride on Lex's Plumbing's coattails in terms of the value of the LEX'S Marks and brand already built by Lex's Plumbing.

33. Service Star's infringement is particularly egregious and willful inasmuch as it changed its logo intended to mimic the LEX'S Logo. By using a confusingly similar name and logo as that of the LEX'S Marks, and because of the similarities between the New Service Star Logo and LEX'S Logo, Service Star's infringement is both willful and intentional to capitalize on the goodwill and reputation of Lex's Plumbing in the greater DFW metroplex and in Texas by diverting consumers away from Lex's Plumbing and to Service Star's Lex - Air Conditioning, Heating, Plumbing, Electrical.

34. Not only is there a strong likelihood of consumer confusion, there has been actual

consumer confusion in the marketplace, as customers of Service Star's Lex - Air Conditioning, Heating, Plumbing, Electrical have mistakenly left poor reviews on Lex's Plumbing's Yelp! profile, when it was Service Star's Lex - Air Conditioning, Heating, Plumbing, Electrical, and not Lex's Plumbing that performed the work. *See* Exhibit 10, showing a person named Steve from Dallas, TX leaving a 1-Star review for Lex's Plumbing, despite being a customer of Service Star's Lex - Air Conditioning, Heating, Plumbing, Electrical.

35. Service Star's use of the Service Star LEX Marks has not only misled consumers but has also unjustly enriched Service Star by capitalizing on Lex's Plumbing's established brand identity and goodwill in the marketplace, which Lex's Plumbing has worked tirelessly to build since 2008.

36. Because of Service Star's intentional use of the confusingly similar Service Star LEX Marks, for related goods and/or services, and the substantial confusion and damage being caused thereby, and the ongoing nature of the same, injunctive relief is necessary to bring such consumer confusion and damage to a prompt halt.

### IV.   CAUSES OF ACTION

**Count I – Trademark Infringement under the Lanham Act – 15 U.S.C. § 1125(a)**

37. The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

38. This claim is against Service Star for trademark and/or service mark infringement of the LEX'S Marks under the Lanham Act, 15 U.S.C. § 1125(a).

39. Lex's Plumbing has adopted, established common law rights in, continuously and exclusively used, and developed goodwill in and to the LEX'S Marks in connection with the plumbing services it provides in the greater DFW Metroplex and in Texas.

40. Lex's Plumbing's first use of the "LEX'S PLUMBING" word mark in commerce dates back to at least as early as 2008, and Lex's Plumbing's first use of the LEX'S Logo dates back to at least as early as 2013, demonstrating continuous and exclusive use in connection with its plumbing services since those dates.

41. On information and belief, in July 2024, Service Star began using the Service Star LEX Marks in connection with the plumbing services it provides in the greater DFW metroplex and in Texas.

42. Service Star has used, and is using, the infringing Service Star LEX Marks in such a way that is causing actual confusion, mistake, and/or deception, and that is likely to cause confusion, to cause mistake, or to deceive, as to the affiliation, connection, or association between Service Star's plumbing services and Lex's Plumbing's plumbing services. Service star has brazenly undertaken such acts willfully, intentionally, and without permission or authorization from Lex's Plumbing, and Lex's Plumbing has been exceedingly damaged by Service Star providing plumbing services under the infringing Service Star LEX Marks, which are confusingly similar to, if not substantially indistinguishable from the LEX'S Marks.

43. Service Star used, and is using, in commerce the infringing Service Star LEX Marks in such a way so as to create actual confusion, mistake, and deception, as well as a likelihood of confusion, mistake, or deception as to the origin, sponsorship, or approval of Service Star's plumbing services by Lex's Plumbing.

44. Service Star has therefore directly and/or indirectly infringed and is directly and/or indirectly infringing in violation of the Lanham Act, 15 U.S.C. § 1125(a).

45. Based on Service Star's infringement of the LEX'S Marks, Lex's Plumbing is entitled to recover its actual damages, Service Star's profits, and the costs of this action. 15 U.S.C.

§ 1117(a).

46. Service Star commenced its commercial use of the infringing Service Star LEX Marks for plumbing services after it was well aware of Lex's Plumbing's prior adoption, ownership, and commercial use of the LEX'S Marks in connection with the plumbing services Lex's Plumbing offers and provides, such that Service Star's adoption of the infringing Service Star LEX Marks was a blatant attempt to trade on Lex's Plumbing's goodwill and good reputation. Service Star's infringement of the LEX'S Marks is therefore willful and deliberate.

47. Because Service Star's acts have been committed willfully, intentionally, and with the intent to benefit from Lex's Plumbing's goodwill, this is an exceptional case, and Lex's Plumbing is entitled to recover its attorneys' fees associated with this action. 15 U.S.C. § 1117(a).

48. Because of Service Star's acts of willful trademark and/or service mark infringement, Lex's Plumbing is entitled to recover its damages and Service Star's ill-gotten gains as available under the Lanham Act and such amounts should be enhanced by the Court. 15 U.S.C. § 1117(a).

49. By reason of Service Star's acts of trademark and/or service mark infringement, Lex's Plumbing has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Service Star from any further acts of trademark and/or service mark infringement. 15 U.S.C. § 1116.

50. By reason of Service Star's acts of trademark and/or service mark infringement, Lex's Plumbing has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Service Star from any further acts of trademark and/or service mark infringement.  Service Star's continuing acts of trademark and/or service mark infringement, unless enjoined, will cause irreparable damage to Lex's Plumbing in that it will have no adequate

remedy at law to compel Service Star to cease such acts. Lex's Plumbing is therefore entitled to a preliminary injunction and a permanent injunction against further infringing conduct by Service Star and those in concert with Service Star and those directing the infringing conduct, including the owners, officers, and directors of Service Star.

**Count II - False Designation of Origin under the Lanham Act - 15 U.S.C. § 1125(a)**

51. The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

52. Lex's Plumbing uses its LEX'S Marks throughout the greater DFW Metroplex and in Texas in connection with the plumbing services it provides and has done so since at least as early as 2008 without material interruption.

53. The LEX'S Marks are distinctive, have substantial associated goodwill, and distinguish Lex's Plumbing's plumbing services from those of its competitors, including Service Star.

54. Service Star's use of the Service Star LEX Marks in connection with commercial advertising of its plumbing services is a false designation of origin in that their services are not provided by, nor in any way associated with, Lex's Plumbing, and as such, it has created, and creates a likelihood of confusion, mistake, or deception among the relevant consuming public that misrepresents Service Star's plumbing services as originating from Lex's Plumbing.

55. With Service Star advertising, offering, and providing its own plumbing services and related services, Lex's Plumbing has no control over the quality of the services provided and sold under Service Star's confusingly similar infringing Service Star LEX Marks. On information and belief, based on consumer reviews, Service Star's plumbing services are inferior to the plumbing services offered by Lex's Plumbing's and Service Star's unauthorized use of the Service

Star LEX Marks in connection with those plumbing services is causing damage to Lex's Plumbing's valuable goodwill, which was developed at great expense and effort.

56. The goodwill associated with Lex's Plumbing's business under the LEX'S Marks is of substantial value, and Lex's Plumbing will suffer irreparable harm should Service Star's false designation of origin be allowed to continue to the detriment of Lex's Plumbing's reputation and goodwill.

57. At all times relevant to this action, including when Service Star first adopted the infringing Service Star LEX Marks for plumbing services, commenced its commercial use of said infringing Service Star LEX Marks in connection with plumbing services, after Service Star knew of Lex's Plumbing's prior adoption, ownership, and commercial use of the LEX'S Marks in connection with plumbing services, Service Star's adoption of infringing Service Star LEX Marks was a blatant attempt to trade on Lex's Plumbing's goodwill and good reputation.  Service Star's false designation of origin is therefore willful, knowing, and deliberate.

58. Because Service Star's acts have been committed willfully, intentionally, and with the intent to profit from Lex's Plumbing's goodwill in its "LEX'S PLUMBING" marks, this is an exceptional case, and Lex's Plumbing is entitled to recover its attorneys' fees associated with this action.

59. Furthermore, in light of Service Star's willful and intentionally infringing activities, Lex's Plumbing is entitled to recover Service Star's profits and Lex's Plumbing's damages, trebled, pursuant to 15 U.S.C. § 1117(a).

60. By reason of Service Star's acts of falsely designating the origin of the plumbing services they are providing, Lex's Plumbing has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Service Star from any further acts of

falsely designating the origin of its services. Service Star's continuing acts of falsely designating the origin of its plumbing services, unless enjoined, will cause irreparable damage to Lex's Plumbing in that it will have no adequate remedy at law to compel Service Star to cease such acts. Lex's Plumbing is, therefore, entitled to a preliminary injunction and a permanent injunction against further falsely designating the origin of its services by Service Star and those in concert with Service Star and those directing the unfairly competitive conduct.

### Count III – Unfair Competition under the Lanham Act – 15 U.S.C. § 1125(a)

61. The foregoing paragraphs are incorporated by reference as if set forth herein for all purposes.

62. The LEX'S Marks are wholly associated with Lex's Plumbing because of its continuous and extensive use in connection with the plumbing services it provides and has done so since at least as early as 2008 (and 2013 for the LEX'S Logo) without material interruption.

63. Service Star's willful use of the infringing Service Star LEX Marks in connection with its plumbing services comprises unfair competition in that customers and/or would-be customers have been and/or are likely to be confused, deceived, and/or mistaken concerning the origin of services having the same or nearly identical mark associated with them in the marketplace, as well as the existence of an affiliation, connection, or association between Lex's Plumbing and Service Star.

64. In addition, with full knowledge that Lex's Plumbing has been using the LEX'S Marks for at least over 15 years before Service Star's first use of its infringing Service Star LEX Marks for plumbing services, Service Star is essentially attempting to steal all of the goodwill and recognition in the eyes of the relevant consumers and stakeholders. This is grossly unfair to Lex's Plumbing and is tantamount to intentional theft.

65. Service Star's aforesaid acts, and each of them, constitute unfair competition in violation of 15 U.S.C. 1125(a).  Service Star has undertaken such acts willfully, intentionally, and without permission or authorization from Lex's Plumbing.

66. As a direct and proximate result of the aforesaid acts of unfair competition, Service Star has wrongfully taken Lex's Plumbing's profits and the benefit of its creativity and investment of time, energy and money, and have similarly injured Lex's Plumbing's reputation and standing in the community by providing, on information and belief, substandard plumbing services that have been wrongfully associated with or attributed to, or are likely to be wrongfully associated or attributed to, Lex's Plumbing.  Service Star should therefore disgorge all profits from the provision of their infringing plumbing services under the Service Star LEX Marks, and further should be ordered to perform full restitution to Lex's Plumbing as a consequence of their unfairly competitive activities, including all costs related to reputation restoration by a qualified professional in that field and corrective advertising damages.  Service Star is also liable for any incidental, consequential, or other monetary damages proximately caused by their unfairly competitive activities.

67. By reason of Service Star's acts of unfair competition, Lex's Plumbing has suffered and will continue to suffer irreparable injury unless and until this Court enters an order enjoining Service Star from any further acts of unfair competition.  Service Star's continuing acts of unfair competition, unless enjoined, will cause irreparable damage to Lex's Plumbing in that it will have no adequate remedy at law to compel Service Star to cease such acts.  Lex's Plumbing is, therefore, entitled to a preliminary injunction and a permanent injunction against further unfairly competitive conduct by Service Star and those in concert with Service Star and those directing the unfairly competitive conduct.

## V. CONDITIONS PRECEDENT

68. All conditions precedent to Lex's Plumbing's right of recovery on the causes of action pleaded herein have been performed, have occurred, or have been excused.

## VI. ATTORNEY'S FEES

69. Lex's Plumbing incorporates by reference the allegations contained in the foregoing paragraphs.

70. Lex's Plumbing has found it necessary to employ the services of the undersigned attorneys to represent it and have agreed to pay the reasonable fees, costs, and expenses incurred in prosecuting its claims against Service Star.

71. Lex's Plumbing seeks recovery of its attorneys' fees, costs, and expenses pursuant to any applicable contractual or statutory provision at law or at equity, for which it now sues, particularly where, as here, this is an "exceptional" case.

## VII. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

72. As a result of Service Star's conduct, Lex's Plumbing has been damaged and is entitled to recover pre-judgment and post-judgment interest at the highest rate allowed by law.

## VIII. PRAYER

For the reasons stated above, Plaintiff Lex's Plumbing, LLC prays that, on final hearing, it have judgment in its favor and against Defendant Service Star, Inc., for the following:

(1) For an order preliminarily and permanently enjoining Service Star, and its agents, servants, attorneys, and employees, and all other persons acting in concert with it, from committing any further acts of trademark and/or service mark infringement, false designation of origin, and unfair competition relative to Lex's Plumbing and its LEX'S Marks;

(2) For an order directing Service Star to file with this Court and to serve on Lex's Plumbing within thirty (30) days after service on Service Star of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Service Star has

    complied with the injunction and order of the Court;

(3) For a judgment that Service Star has willfully committed trademark and/or service mark infringement, false designation of origin, and unfair competition;

(4) For a judgment requiring Service Star to account for, and to pay to Lex's Plumbing, all profits derived by Service Star from their infringing and unfairly competitive services and false designation of origin;

(5) For a judgment requiring Service Star to pay for all damages Lex's Plumbing has suffered by virtue of Service Star's infringing and unfairly competitive activities, and false designation of origin, to be trebled because Service Star's unlawful actions were committed willfully and intentionally;

(6) Damages for all general and special damages Lex's Plumbing has incurred as a result of Service Star's conduct referenced herein, including corrective advertising damages;

(7) Reasonable and necessary attorney's fees, including, but not limited to, the Court deeming this to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a), and awarding Lex's Plumbing its attorneys' fees and expenses incurred herein;

(8) Pre-judgment interest at the highest rate allowed by law;

(9) Post-judgment interest at the highest rate allowed by law;

(10) The award of all costs under 15 U.S.C. § 1117(a)(3); and,

(11) All further relief to which it may be justly entitled.

## IX. DEMAND FOR JURY TRIAL

Plaintiff Lex's Plumbing, LLC hereby demands a trial by jury on all issues raised by the Complaint that are so triable.

Date: April 4, 2025							Respectfully submitted,

							**SCHEEF & STONE, L.L.P.**

							By:	*/s/ Patrick J. Schurr*

								**Patrick J. Schurr**
								Texas Bar No. 17853530
								Patrick.Schurr@solidcounsel.com

								**Mark Nielsen**
								Texas Bar No. 24062361
								Mark.Nielsen@solidcounsel.com

								**Robin Barnes**
								Texas Bar No. 24009952
								Robin.Barnes@solidcounsel.com

								**Mike J. Schofield**
								Texas Bar No. 24075992
								Mike.Schofield@solidcounsel.com

								2600 Network Blvd., Suite 400
								Frisco, TX 75034
								Telephone: (214) 472-2100
								Facsimile: (214) 472-2150

								**ATTORNEYS FOR PLAINTIFF LEX'S PLUMBING, LLC**